**Bobby Ray HAYDEN, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 610–00.**

Court of Criminal Appeals of Texas.

Nov. 14, 2001.

Henry Whitley, Big Sandy, for appellant.

Tim Cone, Dist. Atty., Gilmer, for State

### *OPINION*

KELLER, P.J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

We are called upon to decide whether the notice requirement found in Texas Rule of Evidence 404(b) is satisfied when the State gives to the defense copies of witness statements that describe the extraneous offenses later admitted into evidence

12. LEWIS CARROLL, ALICE'S ADVENTURES IN WON-       DERLAND 51, 53 (W.W. Norton & Co.1971).

at trial. We hold that the trial court did not abuse its discretion in concluding that the State could satisfy Rule 404(b) in this manner and reverse the decision of the Court of Appeals.[1]

## A. Background

The defense timely requested from the State notice of extraneous offenses under Rule 404(b). The State served a response designating that a certain witness would testify, but this response did not explain what extraneous offenses would be discussed. The State also gave to the defense copies of several witness statements that involved descriptions of extraneous offenses. The record does not reflect when the State gave copies of these witness statements to the defense. At trial, the following colloquy occurred:

[DEFENSE COUNSEL]: So we object, first, object to any testimony from K.S. because we have no notice under 404(b) with respect to the State's intention. And with respect to any other extraneous offense we have no notice, not even a suggestion.

[PROSECUTOR]: With the exception of the fact we've provided [defense counsel's] office with the statement, complete statement of [K.S.] as well as the statement of [K.R.] which contains the other matters that were talked about in chambers regarding watching of a pornographic movie and the slapping of the child [A.R.] in connection with the request by the Defendant for her to remove her clothing which of course was the method by which the offense was committed, we anticipate the evidence is going to show that in each and every

instance, and I think there's going to be evidence that there were probably three incidents where [A.R.] was required to remove her clothing and expose her genitals to the defendant, on two of those occasions he exposed himself, but he did not require [A.R.] and [K.S.] to expose themselves to him in the same manner he had done with [A.R.] on several other occasions. Those full and complete statements were provided to [defense counsel's] office. I think he's clearly had notice of those matters and knew that indeed they were part of the State's case.

[THE COURT]: Okay, anything further from the Defendant?

[DEFENSE COUNSEL]: Nothing with respect to that, Your Honor, and I would suggest that discovery does not satisfy 404(b) and I think the case is pretty clear on that, that when a request for notice under 404(b) or 37.03(3) is made, the Defendant is entitled to a specific response with respect to what the State intends to use in their case in chief under 404(b) and the punishment phase under 37.07.

The trial court overruled appellant's objection. The witness statements referenced by the State were never made a part of the appellate record.

Relying upon "intent to introduce" language found in the rule, the Court of Appeals found that the State had failed to give sufficient notice under Rule 404(b) because giving the defendant witness statements did not inform the defendant of whether the State had any intent to introduce such evidence at trial.[2] The Court of Appeals also held that the State could not

---

**1.** Due to our disposition of the State's ground concerning the adequacy of the notice, we need not address the State's other ground claiming that the offenses arose in the "same

transaction." Accordingly, the latter ground for review is dismissed.

**2.** *Hayden v. State*, 13 S.W.3d 69, 77 (Tex. App.—Texarkana 2000).

rely upon these statements to satisfy the Rule 404(b) notice because the statements were not in the record.[3]

## B. Analysis

Rule 404(b) allows admission of certain extraneous offenses, provided that: "upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." In *Buchanan v. State*, we held that an open file policy was not sufficient to comply with the rule.[4] Even if the State's open file contains a document describing the extraneous offense in question, we could not conclude that "the mere opening of its file ... satisfies the requirement of giving notice 'of intent to introduce' such evidence."[5]

■ The question before us is whether the State's delivery to defense counsel of witness statements concerning the extraneous offenses may be sufficient notice of the State's intent to introduce the extraneous offenses in question. The State contends that the act of delivering such statements may be sufficient conveyance of its intent to introduce the evidence. Appellant disagrees. The trial court's ruling that the act of delivery in this particular case constituted "reasonable notice" of the State's intent to introduce evidence of the extraneous offenses is reviewed for abuse of discretion.

The question is one of first impression before this Court, and relevant authority in Texas intermediate appellate courts and in other jurisdictions is sparse and conflicting. In *Cole v. State*, the Fort Worth Court of Appeals determined that the main purpose of the Rule 404(b) notice provision was to prevent surprise.[6] The court found that a witness statement attached to an outcry notice satisfied this purpose where the witness statement detailed the extraneous offenses in question.[7] The Austin Court of Appeals held in *Roman v. State* that, when the State gave a general written notice that referred to a witness statement detailing extraneous offenses, adequate notice was given.[8] In *Woodard v. State* the Waco Court of Appeals held that giving to the defense penitentiary packets that detailed a criminal history was sufficient notice of the extraneous offenses detailed therein where the State told the defense that everything in the documents was subject to introduction.[9] The Eastland Court of Appeals held that adequate notice had *not* been given in *Dodgen v. State* when the State's notice listed only one offense even though a complete record

---

**3.** *Id.* at 69 n. 7.

**4.** 911 S.W.2d 11, 14–15 (Tex.Crim.App.1995).

**5.** *Id.* at 15 (ellipsis inserted). Judge Meyers' dissent seems to say that defense counsel in *Buchanan* admitted that he was aware of the offense report containing the extraneous offense. However, the only thing the opinion reveals in that regard is that counsel had reviewed the State's file totally on several occasions. The opinion does not reflect that counsel was aware of the offense report or of the extraneous offense. The State claimed that defense counsel admitted that he had been *given access* to the extraneous offense via the open file policy, but this is just an argument that the open file policy sufficed to comply with R. 404(b). The State also argued in *Buchanan* that counsel's motion in limine showed actual knowledge that the State intended to use the extraneous offense, but the Court did not address that contention.

**6.** 987 S.W.2d 893, 897 (Tex.App.—Fort Worth 1998, pet. ref'd).

**7.** *Id.*

**8.** 986 S.W.2d 64, 67 (Tex.App.—Austin 1999, pet. ref'd).

**9.** 931 S.W.2d 747, 749 (Tex.App.—Waco 1996, no pet.).

of the defendant's criminal history was attached.[10] And finally, there is the present case from the Texarkana court. So, the Fort Worth court's holding appears to support the idea that turning over a witness statement about extraneous offenses would constitute adequate notice, while the Texarkana and Eastland courts hold that it would not be adequate notice, and the holdings of the Austin and Waco courts are consistent with either position.

Out-of-state cases appear to be sparser. Construing similar versions of Rule 404(b)-containing the "intent to introduce" language—the Ninth Circuit has indicated that witness statements are sufficient notice while the District of Columbia Circuit has held to the contrary.[11] And the Supreme Court of Indiana has said that evidence of extraneous offenses is admissible in spite of a challenge to the timeliness of the 404(b) notice, when witness statements were provided in a timely manner, because the defendant was not surprised by the evidence.[12]

Because the purpose of Rule 404(b) notice is to prevent surprise, we agree with the cases indicating that delivery to the defense of witness statements detailing extraneous offenses may, in an appropriate case, satisfy the notice requirements of Rule 404(b).[13] The rule requires "reasonable" notice. Whether the delivery of witness statements constitutes reasonable notice depends in part on the timing of that delivery. If the State gave the statements to the defense shortly after receiving the request for notice, the implicit statement is: "These are the extraneous offenses that we intend to offer in the case-in-chief." The longer the time lapse between the receipt of the notice and the delivery of the witness statements, the less likely that the recipient will conclude, "This is the evidence that responds to my request." Because a reasonable conclusion to be drawn when delivery of witness statements follows upon the heels of a timely request for notice, is that the State intends to use the evidence, "reasonable" notice is implicit in the delivery. The record in this case does not reflect how soon after its receipt of the notice the State responded with its delivery of the witness statements. The State claimed at trial that appellant, ". . . clearly had notice of these matters and knew in fact that they were part of the State's case." When the trial court asked if there was anything further, defense counsel responded, "Nothing with respect to that, Your Honor." He did not dispute the State's claim that he had actual notice. Instead, his claim was that "discovery doesn't satisfy 404(b)." If the defense did not make the connection between its request and the implicit statement by the

---

10. 924 S.W.2d 216, 219 (Tex.App.—Eastland 1996, pet. ref'd).

11. Compare *United States v. Erickson*, 75 F.3d 470, 478 (9th Cir.), *cert. denied sub nom., Great Falls Eye Surgery Ctr. v. United States*, 517 U.S. 1222, 116 S.Ct. 1853, 134 L.Ed.2d 953 (1996) with *United States v. Spinner*, 152 F.3d 950, 961 (D.C.Cir.1998).

12. *Hatcher v. State*, 735 N.E.2d 1155, 1158–1159 (Ind.2000).

13. In her dissent, Judge Johnson contends that our interpretation of the rule violates the plain language approach to statutory interpretation set out in *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). However, *Boykin* does not apply to interpretation of the rules of evidence; although the plain meaning is a good place to begin, we are not bound by an evidentiary rule's plain language and can consider extratextual factors even if the language of the rule appears to be unambiguous. *Henderson v. State*, 962 S.W.2d 544, 551–552 (Tex.Crim.App.1997); *Ludwig v. State*, 931 S.W.2d 239, 241 (Tex.Crim.App.1996). So, we can legitimately look to the purpose of the rule in construing its meaning. Nevertheless, our interpretation of the rule is consistent with its plain language as we explain below.

State, "These statements are in response to your request," it could have and should have communicated that fact to the trial court. Absent such an objection, we cannot conclude that the trial court abused its discretion on finding that the State had provided reasonable notice. In such instance, the State has done more than simply say, "Look in our file and see what you can find." And in fact, in some respects the State in this case gave the defendant more than he was entitled to, as witness statements are not ordinarily discoverable until after the witness testifies.[14] The prosecution is not required to make a written response concerning its intent, although this is certainly the recommended procedure. Although the better practice is for the prosecutor to state explicitly the intent to introduce extraneous offense evidence, the trial court did not abuse its discretion in concluding that delivery of witness statements to the defense in this particular case provided appellant with reasonable notice.[15] Conversely, had the trial judge ruled that the State's notice was not reasonable under these circumstances, that factual determination would not have constituted an abuse of discretion.[16]

■ As for the Texarkana Court of Appeals's holding that the statements could not be considered because they were not in the record, the State claimed before the trial court that the witness statements described all of the extraneous offenses. Appellant did not dispute this claim and did not attempt to have the witness statements placed in the record. We assume, therefore, that the witness statements are as the State represented them to be.[17]

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.[18]

---

14. See Tex.R. Evid. 614(a).

15. In their dissents, Judge Price and Judge Johnson contend that the witness statements do not show the State's "intent to introduce" the extraneous offenses at trial. Judge Price contends that the witness statements that were "provided by the State" did not show intent any more than the offense reports in *Buchanan*. Judge Johnson contends that the "logical end" of our position is that the State can ignore timely requests for notice on the ground that the appellant had committed the bad acts and knew about them already. The dissents miss the point. It is the fact of delivery, not the content of the statement, that gave the defense notice here but not in *Buchanan*. Judge Johnson's postulated slippery slope does not occur because the State is required to do something to show its intent to offer extraneous offenses at trial. Neither dissent has explained why this act by the State failed to give reasonable notice of the State's intent.

16. Judge Meyers' dissent refers to "the spirit of *Buchanan*." The "spirit" of Rule 404(b) is to allow a defendant adequately to prepare to defend against the extraneous offense evidence. Judge Meyers is correct to caution that the rules should not encourage trial by ambush. That caution should apply to both sides. Rule 404(b) does not set forth a formalistic method for conveying notice and does not require a writing. While the State should not be permitted to engage in gamesmanship by finding creative ways to convey "notice" without really informing the defense of its intent to introduce extraneous offenses, the defense should not be permitted to engage in gamesmanship by claiming the notice it received was insufficient when the defense did in fact have actual notice of the State's intent to introduce the extraneous offenses in question. The record in the present case simply does not show all the facts relating to the conveyance of the evidence of extraneous offenses by the State to the defense. What is in the record tends to support the conclusion that the defense did indeed have actual notice of the State's intent to introduce the extraneous offenses, and hence, the trial court's decision to admit the evidence is supported by the record and must be upheld.

17. We accept as true factual assertions made by counsel at trial which could have been, but were not, disputed by opposing counsel. *Pitts v. State*, 916 S.W.2d 507, 510 (Tex.Crim.App. 1996).

MEYERS, J., filed a dissenting opinion in which PRICE and JOHNSON, JJ., joined.

PRICE, J., filed a dissenting opinion.

JOHNSON, J., filed a dissenting opinion in which MEYERS, J., joined.

MEYERS, J., filed a dissenting opinion, in which PRICE and JOHNSON, JJ., joined.

The majority holds that "in an appropriate case," the State may satisfy the requirements of Texas Rule of Evidence 404(b) by turning over a stack of witness statements to the defense. *Hayden v. State*, at 269, (Tex.Crim.App. 2001) (hereinafter cited as Majority Op.).

This opinion by the majority can be read in two ways—neither of which comports with the Rules of Evidence or the case law of this Court. On the one hand, the majority's opinion may be read in light of its ostensible holding: that the trial court did not abuse its discretion in admitting the extraneous offenses because the State delivered copies of its witness statements to the defense; and delivery of witness state-ments may "in an appropriate case" consti-tute reasonable notice of the State's intent to introduce offenses therein. Majority Op. at 272. The notice may be reasonable if the delivery is made roughly contempo-raneously to a defendant's request, so as to *imply* notice of the State's intent. *Id.* at 272.[1] If that is truly the majority's hold-ing, the holding stands in direct contraven-tion to this Court's opinion in *Buchanan v. State*, 911 S.W.2d 11 (Tex.Crim.App.1995).[2]

On the other hand, if the majority distin-guishes *Buchanan* on the ground that the *Buchanan* court addressed the issue of whether or not the defendant had *any* notice of the State's intent to introduce extraneous offense evidence, whereas the case before us addresses the *sufficiency* of the notice, then the majority's opinion still flies in the face of the logic and spirit of *Buchanan*. Moreover, it creates a lopsid-ed burden on the defense to propound a specific request for notice of 404(b) evi-dence, while allowing the State a partial return to "trial by ambush" contrary to our opinions in *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex.Crim.App.1998) and *Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim.App.1993) (per curiam). Because I

---

**18.** There are no remaining points of error to be resolved.

**1.** The majority's decision to overturn the Court of Appeals in this case based on the notion that well-timed delivery of witness statements may constitute reasonable notice under Rule 404(b) is particularly troubling: in the case before us, there is no record of when the statements were received by the defense. Majority Op. at 273. Indeed, if there is any indication in the record, it is the objection of defense counsel at the beginning of trial that "discovery does not satisfy 404(b)." The State has never argued that the witness statements were delivered in *response* to the defendant's request. The State argues instead that it provided reasonable notice, because defense counsel was not surprised by the extraneous offenses.

**2.** The flaws inherent in reasoning that intent may be *implied* from the fact of delivery of witness statements are readily apparent when the reasoning is applied to other provisions of the Code of Criminal Procedure. If, for in-stance, a defendant hands the State a stack of documents from psychiatrists and other medi-cal personnel discussing his mental problems, hasn't he *implied* notice of his intent to prove the insanity defense? According to the major-ity's logic he has. According to Texas law, he has not. *See* Tex.Code Crim. Proc. art. 46.02 § 2 (requiring defendant to provide timely notice of his intent to offer evidence support-ing insanity defense).

cannot agree with the majority's reasoning or result, I dissent.

### Background

I do not dispute the majority's description of the background of this case. I merely supplement it as follows:

Appellant Bobby Ray Hayden, Jr. was charged with indecency with a child. Initially, appellant was charged in separate indictments for exposing his genitals to two children: A.R. and K.S. The State dismissed appellant's indictment for exposing his genitals to K.S. after learning that appellant was not undressed on the occasion that gave rise to that indictment. At trial, the State called A.R., A.R.'s brother K.R., and A.R.'s friend K.S. to testify. From these witnesses, the State elicited testimony on the following incidents: appellant exposed himself to A.R.; appellant forced A.R. to undress and spread her legs for him; appellant forced A.R. and her friend, K.S., to undress and spread their legs for him; appellant forced A.R. and her brother, K.R., to watch a pornographic film; appellant struck A.R. when she refused to undress for him; and appellant fondled A.R. when he checked to see if she had wet her bed. *Hayden v. State,* 13 S.W.3d 69, 75 (Tex.App.—Texarkana 2000).

Although the witness statements are not before us, it is undisputed that the statements contained all of the contested extraneous offenses.[3] Majority Op. at 273. It is also undisputed that the State specifically responded to the defendant's request for notice of 404(b) evidence by providing defense counsel with the name of one witness, K.S. *Id.* at 270. Moreover, although it is unclear *when* the defense received copies of witness statements from the

State, it is clear that at some point, the defense received copies of K.S.'s, A.R.'s and K.R.'s witness statements. *Id.* Finally, K.S., the only witness named in the State's response to the defendant's request for notice of 404(b) evidence, was involved in only one of the complained-of instances of extraneous bad conduct. *Hayden,* 13 S.W.3d at 75.

### Discussion

The majority frames the issue in this case as one of first impression in this Court. Majority Op. at 271. According to the majority, this case is not answered by *Buchanan v. State,* 911 S.W.2d 11 (Tex. Crim.App.1995) because the State in this case delivered witness statements to defense counsel, and "[i]t is the fact of delivery, not the content of the statement, that gave the defense notice here but not in *Buchanan.*" *Id.* at 273, n. 15.

However, it is clear from our opinion in *Buchanan* that delivery took place in that case as it did in this one. In *Buchanan,* the State argued specifically that it had met its obligations under Rule 404(b) because the defendant had actual notice of the extraneous offense it sought to introduce. *Buchanan,* 911 S.W.2d at 15. In support of this argument, the State pointed to its open file policy, defense counsel's admission that he was aware of the offense report containing the extraneous offense, and a motion in limine, which demonstrated defense counsel was aware of the offense and the State's intent to introduce it. *Id.*

The First Court of Appeals held that the defendant's actual notice of the evidence satisfied the State's obligations under Rule 404(b). *Buchanan v. State,* 881 S.W.2d

---

3. In light of the majority's disposition of this case, I similarly decline to address whether or not the Court of Appeals correctly ruled that the incidents were extraneous offenses and not same transaction contextual evidence. *See* Majority Op. at 273.

376, 379–80 (Tex.App.—Houston [1st Dist.] 1994). We overturned this holding by the Court of Appeals. We stated:

> We cannot conclude that the mere opening of [the State's] file containing an offense report detailing extraneous evidence satisfies the requirement of giving notice of "intent to introduce" such evidence. The mere presence of an offense report indicating the State's awareness of the existence of such evidence does not indicate an "intent to introduce" such evidence in its case in chief.

911 S.W.2d at 15.

Nevertheless, the majority finds our holding in *Buchanan* inapplicable because the State's delivery of witness statements may constitute reasonable notice of the State's intent to introduce extraneous offenses therein. Majority Op. at 273. There is, however, no tenable argument that delivering witness statements to the defense at an unknown point in the trial proceedings demonstrates the State's intent to introduce certain extraneous offenses any more than the State simply opening its file did in *Buchanan*. 911 S.W.2d at 15.

In *Buchanan* we held that the State may not meet its burden of giving notice of its intent to introduce certain extraneous offense evidence by simply opening its file and giving defense counsel actual notice of the evidence. 911 S.W.2d at 15. The majority now holds that the State may meet its burden of giving notice under Rule 404(b) by simply delivering witness statements to the defense-even if the delivery is not in *response* to the defendant's request-

because "the purpose of Rule 404(b) notice is to prevent surprise." Majority Op. at 272. However, permitting the State to satisfy its duty to provide reasonable notice by turning over a pile of witness statements to the defense contradicts the level of specificity we require of defendants in making the request for notice.

In *Mitchell v. State,* we chided a defendant who attempted to rely on a discovery motion that the trial court had not ruled upon as a request for notice of the State's intent to introduce 404(b) evidence.[4] 982 S.W.2d at 427. The defendant argued that a ruling by the trial court was not necessary because the motion also contained a request for the State to indicate whether or not it intended to comply with Article 37.07 § 3(g). We noted that the "motion contained specific language requesting the State to issue a written confirmation of compliance or non-compliance," that the State had been served with the motion, and that the Court of Appeals read the language in the motion as a request for the State to give notice. *Id.* at 426, 427. We overturned the Court of Appeals, stating:

> Pursuant to our recognition...of the *distinction between a request for action addressed to the trial court and a request for action addressed to the State,* we hold that when a document seeks trial court action, it cannot also serve as a request for notice triggering the State's duty under Article 37.07, § 3(g). To hold otherwise would encourage gamesmanship. The opposite rule could encourage defendants to bury requests in voluminous motions, hoping the State would either overlook it or believe it the

---

4. The motion in *Mitchell* was one for the trial court to order the State to give notice of extraneous acts under Article 37.07 § 3(g) of the Code of Criminal Procedure. *Mitchell,* 982 S.W.2d at 426. Article 37.07 § 3(g) outlines the notice requirements for introducing extraneous offense evidence at the punishment phase of a trial. It provides specifically that "notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b)." Therefore, the *Mitchell* holding applies with equal force to cases that arise under Rule 404(b).

request [sic] to be contingent on a court order. An ad hoc approach would encourage gamesmanship on the part of both parties.

*Id.* (relying on *Espinosa,* 853 S.W.2d at 39). (Emphasis added) (Footnote omitted).

*Mitchell* stands squarely for the proposition that a *defendant*'s compliance with Rule 404(b) is not based on whether or not the State was aware that the defendant was requesting notice. We held that the defendant had not made a request for notice simply by including the words requesting notice in a motion that was served on the State at some point before trial, and that the request was not effective until the motion had been ruled upon by the trial court. *See id* at 426. Yet the majority holds that the *State's* compliance with Rule 404(b) may be measured by the extent the offenses surprise defense counsel. The majority does not even require that the defense be aware of *which* offenses the State intends to introduce-holding instead that through awareness of the offenses themselves, the defense is implicitly on notice that the offenses are subject to introduction.

Rule 404(b) permits the introduction of extraneous offenses for certain purposes, provided that "upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence." The majority *rewrites* the Rule to mean that extraneous offenses may be admissible, provided that upon timely, specific[5] request by the defendant, the State gives the defense *some* documents from which the defense *should be able to* determine which extraneous offenses the defendant committed *and* guess which among them the State intends to introduce. The

majority not only encourages gamesmanship with respect to Rule 404(b), it gives the State a decided advantage. *See Mitchell,* 982 S.W.2d at 426. On the one hand, defense counsel may be encouraged *not* to become intimately acquainted with a client's file in order to argue that the defendant had no actual notice of the offenses. The State, on the other hand, may be encouraged to bury the extraneous offenses it intends to introduce in a voluminous, confusing file and argue that it gave reasonable notice of its intent because it delivered the file on the heels of a timely request for notice by the defendant. There is simply no reason to encourage deception in the State's 404(b) response, while at the same time requiring specificity on the part of the defendant in issuing a request.

The majority does not even make a persuasive attempt to limit its holding to the facts of the case before us, stating:

[T]he trial court did not abuse its discretion in concluding that delivery of witness statements to the defense in this particular case provided appellant with reasonable notice. Conversely, had the trial judge ruled that the State's notice was not reasonable under these circumstances, that factual determination would not have constituted an abuse of discretion.

Majority Op. at 272 – 73; *see also id.* at 273, n. 16. Through this professed deference to the trial *court's* decision, the majority issues to itself an open invitation to disturb the ruling of the Court of Appeals. There is no indication that the Court of Appeals misapplied the law to the facts of this case. The appeals court may not have reached the same result the majority would have, but this is not the standard by which we review the decisions of our inter-

---

5. *Mitchell,* 982 S.W.2d at 426.

mediate appellate courts. *Arcila v. State,* 834 S.W.2d 357, 360–61 (Tex.Crim.App. 1992).

The Court of Appeals held:

Since the precise language of Rule 404(b) specifically requires the State to give notice of its "intent to introduce" the extraneous offense, we find that the better approach is to focus, not only on eliminating the surprise to the defendant, but also whether the State has informed the accused of its intent to introduce these offenses at trial.

*Hayden,* 13 S.W.3d at 77.

The majority overturns this holding by the Court of Appeals because it determines that, despite our holdings in *Mitchell* and *Espinosa,* we may measure the *State's* compliance with Rule 404(b) based on whether or not the defense was surprised by the existence of the offenses. This holding is a misreading of *Buchanan, Mitchell, Espinosa* and Rule 404(b). I dissent.

PRICE, J., filed a dissenting opinion.

Because I believe that the majority misapplies our precedent in *Buchanan v. State,* 911 S.W.2d 11 (Tex. Crim. App. 1995), I respectfully dissent.

In *Buchanan,* we explained that an open file policy was not sufficient to satisfy the 404(b) notice requirement because showing that the State is aware of evidence of extraneous offenses is not the same as showing an intent to introduce evidence of extraneous offenses. We said:

We cannot conclude that the mere opening of its file containing an offense report detailing extraneous evidence satisfies the requirement of giving notice "of intent to introduce" such evidence. The *mere presence of an offense report* indi-

cating the State's awareness of the existence of such evidence does not indicate an "intent to introduce" such evidence "in [its] case in chief[.]"

*Id.* at 13 (emphasis added). The witness statements provided by the State[1] to the appellant in this case did not show an intent to introduce evidence of extraneous offenses any more than the offenses reports in *Buchanan* did in that case. Showing that the State is aware of evidence of extraneous offenses is not the equivalent of showing an intent to introduce evidence in the State's case in chief.

The State failed to provide adequate notice of its intent to introduce evidence of extraneous offenses to the appellant in accordance with Rule 404(b) and *Buchanan.* The majority's conclusion that the State did is incorrect.

With these comments, I join Judge Meyers's dissent.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, J., joined.

I respectfully dissent. The majority chooses to emphasize the words "reasonable notice" to the extent that the rest of the language setting out the requirements for admission of extraneous offenses, "of intent to introduce," is rendered null. *Ante,* at 272. The conclusion of the majority thereby violates our long-standing procedures for statutory interpretation.

The basic rules for statutory interpretation require that effect be given to all words and phrases unless to do so would lead to absurd results which the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim. App.1991). We first give effect to the

---

1. There is no indication in the record that the State provided the witness statements for the specific purpose of complying with the Rule

404(b) notice requirement. The State, and not the appellant, should have the burden to show that it complied with the requirement.

plain meaning of the statute, and "[w]here the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add *or subtract from* such a statute." *Id.* (emphasis added and internal quotation marks omitted) (citing *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Crim.App. 1991) and *Ex parte Davis,* 412 S.W.2d 46, 52 (Tex.Crim.App.1967)).

Of course, it is a court-made rule, rather than a statute passed by the legislature, that is at issue in this case. However, the reasons for applying a plain-language approach to statutes are no less persuasive than when interpreting rules made by us pursuant to the authority granted by the legislature. *See Boykin,* 818 S.W.2d at 786; Tex. Gov't Code § 22.109; *see also* 3A Sutherland Stat. Constr. § 67.10, at 87 (5th ed.1992) (noting that "in one form or another almost every rule of construction for statutes finds application in the interpretation of the rules of practice"). There is no contention here that the rule is ambiguous, so we must depend on its plain language. The plain language says "reasonable notice ... given in advance of trial of intent to introduce...." Tex.R. Evid. 404(b). The simplest reading of that plain language is "reasonable notice ... of intent to introduce." That is, not reasonable notice of the fact that the state is aware of the other bad acts, but reasonable notice of the state's intent to introduce a particular extraneous act at trial.

In the case at bar, the state provided to appellant witness statements which described extraneous acts, but *did not* indicate which, if any, the state intended to introduce at trial. The state thus revealed to appellant its knowledge of the extraneous offenses, but not its intentions as to use of those bad acts at trial. This is not the required "reasonable notice of intent to introduce." Taken to its logical end, the

position of the majority, that the point of the rule is notice, would allow the state to completely ignore timely requests under Rule 404(b) and justify its actions by saying that no notice was necessary, as appellant had committed the bad acts and therefore knew about them already.

By the plain language of Rule 404(b), the point of the rule is "reasonable notice *of the intent to introduce.*" The court of appeals correctly determined that such notice of intent was not given; that determination should be affirmed.