COOPER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-315-CR

RANDY JOE COOPER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Randy Joe Cooper appeals his conviction and ninety-nine year sentence for aggravated assault with a deadly weapon.  In three points on appeal, appellant challenges the exclusion of impeachment evidence from two witnesses and claims that the prosecutor argued facts that were outside the record.  We affirm.

The parties are familiar with the facts of the case, and appellant does not challenge the sufficiency of the evidence; therefore, we will only discuss the facts relevant to appellant’s points on appeal.  Christie Smith testified that appellant was her live-in boyfriend.  He awakened her in the early morning hours of February 24, 2000, called her a lying whore, and told her that he was going to torture and kill her.  Over the next three hours, appellant repeatedly punched Smith in the face with his fist; beat her over the head and on the thighs, arms, and back with baseball bats; slashed her with a knife; threw her up against a bedroom wall; squeezed her nipples with pliers; struck her in the head with a hammer; struck her with a belt buckle on her arm, thighs, buttocks, and genital area; and four times over those hours, choked her until she lost consciousness.

In his first point, appellant complains about the trial court’s refusal to allow him to impeach Smith with letters Smith wrote to appellant after the assault.  He claims that the letters were relevant to show Smith’s bias or motive to embellish her testimony.

Evidence to show a witness’s bias or interest encompasses all facts and circumstances, which when tested by human experience, tend to show that the witness may shade her testimony for the purpose of helping to establish one side of the cause only.  
Carroll v. State, 
916 S.W.2d 494, 497-98 (Tex. Crim. App. 1996).  While great latitude should be allowed in cross-examining witnesses to reveal bias, prejudice, or self-interested motives to falsify testimony, the burden of showing the relevance of the particular evidence to the issue of bias rests on its proponent.  
Chambers v. State, 
866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1100 (1994)..  The limits of cross-examination for the purpose of showing bias rest within the sound discretion of the trial judge.  
Id. 
at 27.  The trial judge must balance probative value against prejudicial risks such as undue prejudice, embarrassment, harassment, confusion of the issues, and delay.  
Id.  
The trial court’s determination is not reversible unless the appellant shows a clear abuse of discretion.  
Id.

In a hearing outside the jury’s presence, appellant’s attorney argued that during the months Smith wrote letters to appellant her tone changed from one of love to anger after appellant allegedly stopped communicating with her, and this anger regarding their breakup demonstrates Smith’s bias against appellant and her motive to embellish her testimony.  The State responded that it had not seen the letters, but any testimony concerning them would open the door to testimony concerning appellant’s retaliation against Smith by giving her phone number and address to other jail inmates, and to her fear of appellant as motivation for writing letters and expressing any affection towards appellant.  The State also represented that it expected Smith would testify that she broke off communication with appellant, contrary to what appellant claimed the letters would say.  The court ruled that the letters were not relevant and it would not allow questions concerning them, but allowed appellant to include them in the record for bill-of-review purposes. 

We hold that the trial court did not abuse its discretion by excluding cross-examination concerning the letters for two reasons.  First, the letters do not support appellant’s claims.  Smith’s tone is angriest in the second letter she wrote to appellant, in which she berates him and asks why he did this to her.  In the fifth and last letter, Smith acknowledges her disappointment in appellant’s failure to communicate with her, but she also writes that she does not want appellant to suffer, that she cares for him and probably always will, and that she wishes him happiness and will pray for him.  Second, appellant did not object to the State’s claim that questions concerning the letters would open the door to other prejudicial areas of inquiry and confuse the issues.  
See Hayden v. State, 
66 S.W.3d 269, 273 (Tex. Crim. App. 2001) (holding court accepts as true factual assertions made by trial counsel that could have been but were not disputed by opposing counsel).  We overrule point one. 

In his second point, appellant complains about the trial court’s refusal to allow him to cross-examine his ex-wife concerning the details of a motion to revoke pending against her in the same court as the underlying case.  He claims that the excluded evidence would have demonstrated his ex-wife’s interest in shading her testimony against him.  

Cheryl Cooper testified during the punishment phase to incidents of physical abuse appellant inflicted upon her during their marriage.  On direct examination, the State established that Cooper had a pending motion to adjudicate her deferred probation out of the same trial court and a warrant for her arrest when the State contacted her about this case; that she voluntarily turned herself in; and that she made no deals with the State.  On cross-examination, and despite rulings sustaining the State’s objections, appellant’s counsel established that the pending motion to adjudicate Cooper’s deferred probation was actually the second motion to adjudicate filed against her; that Cooper was on deferred adjudication for a drug offense; that she made bond by doing a “walk through;” and that she knew she could be sentenced from six months to two years in a state jail if her deferred adjudication were revoked. When appellant’s counsel asked whether Cooper knew if the prosecutors trying this case would be the same prosecutors on the motion to adjudicate pending against her, the trial court sustained the State’s objection and instructed the jury to disregard the question.  Outside the jury’s presence during the offer of proof, appellant’s counsel agreed that it was the trial judge who gave Cooper pretrial release, despite the warrant’s no bond provision, and appointed an attorney to represent her on the motion to adjudicate; the State made no request concerning bond or appointed counsel. 

We hold the trial court did not abuse its discretion by excluding evidence concerning the motion to adjudicate pending against Cooper out of the same court at the time of trial because the excluded evidence was irrelevant.  We overrule point two.

In his third point, appellant asserts that the prosecutor testified and argued outside the record during closing argument that Smith suffered seven skull fractures as a result of the assault. 
 To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2).  
Appellant did not object to the State’s argument; therefore, he waived his complaint.
  We overrule point three.

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.