COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-315-CR
  
  
RANDY JOE COOPER                                                             APPELLANT
  
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Randy Joe Cooper appeals his conviction and ninety-nine year sentence for 
aggravated assault with a deadly weapon. In three points on appeal, appellant 
challenges the exclusion of impeachment evidence from two witnesses and claims 
that the prosecutor argued facts that were outside the record. We affirm.
        The 
parties are familiar with the facts of the case, and appellant does not 
challenge the sufficiency of the evidence; therefore, we will only discuss the 
facts relevant to appellant’s points on appeal. Christie Smith testified that 
appellant was her live-in boyfriend. He awakened her in the early morning hours 
of February 24, 2000, called her a lying whore, and told her that he was going 
to torture and kill her. Over the next three hours, appellant repeatedly punched 
Smith in the face with his fist; beat her over the head and on the thighs, arms, 
and back with baseball bats; slashed her with a knife; threw her up against a 
bedroom wall; squeezed her nipples with pliers; struck her in the head with a 
hammer; struck her with a belt buckle on her arm, thighs, buttocks, and genital 
area; and four times over those hours, choked her until she lost consciousness.
        In 
his first point, appellant complains about the trial court’s refusal to allow 
him to impeach Smith with letters Smith wrote to appellant after the assault. He 
claims that the letters were relevant to show Smith’s bias or motive to 
embellish her testimony.
        Evidence 
to show a witness’s bias or interest encompasses all facts and circumstances, 
which when tested by human experience, tend to show that the witness may shade 
her testimony for the purpose of helping to establish one side of the cause 
only. Carroll v. State, 916 S.W.2d 494, 497-98 (Tex. Crim. App. 1996). 
While great latitude should be allowed in cross-examining witnesses to reveal 
bias, prejudice, or self-interested motives to falsify testimony, the burden of 
showing the relevance of the particular evidence to the issue of bias rests on 
its proponent. Chambers v. State, 866 S.W.2d 9, 26-27 (Tex. Crim. App. 
1993), cert. denied, 511 U.S. 1100 (1994).. The limits of 
cross-examination for the purpose of showing bias rest within the sound 
discretion of the trial judge. Id. at 27. The trial judge must balance 
probative value against prejudicial risks such as undue prejudice, 
embarrassment, harassment, confusion of the issues, and delay. Id. The 
trial court’s determination is not reversible unless the appellant shows a 
clear abuse of discretion. Id.
        In 
a hearing outside the jury’s presence, appellant’s attorney argued that 
during the months Smith wrote letters to appellant her tone changed from one of 
love to anger after appellant allegedly stopped communicating with her, and this 
anger regarding their breakup demonstrates Smith’s bias against appellant and 
her motive to embellish her testimony. The State responded that it had not seen 
the letters, but any testimony concerning them would open the door to testimony 
concerning appellant’s retaliation against Smith by giving her phone number 
and address to other jail inmates, and to her fear of appellant as motivation 
for writing letters and expressing any affection towards appellant. The State 
also represented that it expected Smith would testify that she broke off 
communication with appellant, contrary to what appellant claimed the letters 
would say. The court ruled that the letters were not relevant and it would not 
allow questions concerning them, but allowed appellant to include them in the 
record for bill-of-review purposes.
        We 
hold that the trial court did not abuse its discretion by excluding 
cross-examination concerning the letters for two reasons. First, the letters do 
not support appellant’s claims. Smith’s tone is angriest in the second 
letter she wrote to appellant, in which she berates him and asks why he did this 
to her. In the fifth and last letter, Smith acknowledges her disappointment in 
appellant’s failure to communicate with her, but she also writes that she does 
not want appellant to suffer, that she cares for him and probably always will, 
and that she wishes him happiness and will pray for him. Second, appellant did 
not object to the State’s claim that questions concerning the letters would 
open the door to other prejudicial areas of inquiry and confuse the issues. See 
Hayden v. State, 66 S.W.3d 269, 273 (Tex. Crim. App. 2001) (holding court 
accepts as true factual assertions made by trial counsel that could have been 
but were not disputed by opposing counsel). We overrule point one.
        In 
his second point, appellant complains about the trial court’s refusal to allow 
him to cross-examine his ex-wife concerning the details of a motion to revoke 
pending against her in the same court as the underlying case. He claims that the 
excluded evidence would have demonstrated his ex-wife’s interest in shading 
her testimony against him.
        Cheryl 
Cooper testified during the punishment phase to incidents of physical abuse 
appellant inflicted upon her during their marriage. On direct examination, the 
State established that Cooper had a pending motion to adjudicate her deferred 
probation out of the same trial court and a warrant for her arrest when the 
State contacted her about this case; that she voluntarily turned herself in; and 
that she made no deals with the State. On cross-examination, and despite rulings 
sustaining the State’s objections, appellant’s counsel established that the 
pending motion to adjudicate Cooper’s deferred probation was actually the 
second motion to adjudicate filed against her; that Cooper was on deferred 
adjudication for a drug offense; that she made bond by doing a “walk 
through;” and that she knew she could be sentenced from six months to two 
years in a state jail if her deferred adjudication were revoked. When 
appellant’s counsel asked whether Cooper knew if the prosecutors trying this 
case would be the same prosecutors on the motion to adjudicate pending against 
her, the trial court sustained the State’s objection and instructed the jury 
to disregard the question. Outside the jury’s presence during the offer of 
proof, appellant’s counsel agreed that it was the trial judge who gave Cooper 
pretrial release, despite the warrant’s no bond provision, and appointed an 
attorney to represent her on the motion to adjudicate; the State made no request 
concerning bond or appointed counsel.
        We 
hold the trial court did not abuse its discretion by excluding evidence 
concerning the motion to adjudicate pending against Cooper out of the same court 
at the time of trial because the excluded evidence was irrelevant. We overrule 
point two.
        In 
his third point, appellant asserts that the prosecutor testified and argued 
outside the record during closing argument that Smith suffered seven skull 
fractures as a result of the assault. To preserve a complaint for our review, a 
party must have presented to the trial court a timely request, objection, or 
motion that states the specific grounds for the desired ruling if they are not 
apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 
U.S. 1070 (1999). Further, the trial court must have ruled on the request, 
objection, or motion, either expressly or implicitly, or the complaining party 
must have objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2). Appellant did not object 
to the State’s argument; therefore, he waived his complaint. We overrule point 
three.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
 
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
PANEL A:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 29, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.