**AFFIRMED as MODIFIED and Opinion Filed April 21, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-01364-CR**

**CARLOS MEDRANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1240354-I**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell, III
Opinion by Justice Whitehill

Appellant pled nolo contendere to indecency with a child by sexual contact and waived his right to a jury trial. After hearing evidence, the trial court found him guilty and placed him on seven years deferred adjudication community supervision and required that he serve 120 days in jail as a condition to probation.

In a single issue, appellant argues that the trial court erred by admitting extraneous offense evidence because the State did not provide adequate notice.

In two cross-issues, the State asks us to modify the deferred adjudication order to reflect that the victim was ten years old when the offense occurred and appellant pled "nolo contendere" rather than "guilty."

We conclude the trial court did not abuse its discretion by admitting the extraneous offense evidence because, despite appellant's TEX. R. EVID. 404(b) objection the evidence was admissible under TEX. CODE CRIM. PROC. art. 38.37.

We further conclude that the record supports the State's requested modifications.

Accordingly, we modify the court's deferred adjudication order, and as modified, affirm.

## I. BACKGROUND

In 2012, JD and her parents attended a New Year's Eve party at appellant's home. While at the party, appellant attempted to penetrate JD's vagina with his fingers. JD was ten years old at the time.

Appellant pled nolo contendere to indecency with a child by sexual contact and waived his right to a jury trial. After hearing evidence, including JD's testimony, the trial court found appellant guilty and placed him on seven years deferred adjudication community supervision. The court required that appellant serve 120 days in jail as a condition to probation.

## II. ANALYSIS

### A. Did an insufficient notice render the extraneous evidence inadmissible?

Appellant's sole issue argues that the State's extraneous offense notice was inadequate and thus the trial court erred by overruling his objection to that evidence.

The State's notice of extraneous offenses advised that the State might introduce evidence that "[t]he defendant, as a continuing course of conduct, contacted the genitals of the complainant with his hand[.]" In a subsequent pretrial motion, appellant's counsel requested notice of the State's intent to use extraneous offenses pursuant to TEX. R. EVID. 404(b) and TEX. CODE CRIM. PROC. ANN. 37.07.[1]

After JD testified about the 2012 incident, the State asked whether appellant had ever tried to touch her before that time. Appellant's counsel objected, "Judge, I'm gonna object unless we have a 404(b) notice. When the State replied that notice had been given, appellant's counsel replied, "It would be my position notice is insufficient. It alleges a continuous course of conduct." The objection was overruled.

We review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard.

---

[1] Article 37.07(g) provides that, "On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence." *See* TEX. CODE CRIM. PROC. art. 37.07 §3(g).

*Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id.*

Under rule 404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith, but the evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, absence of mistake, or accident, or to rebut a defensive theory. *See* TEX. R. EVID. 404(b).

The State is required to give notice of its intent to introduce such evidence. TEX. R. EVID. 404(b), and the notice must be "reasonable." *Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001). The notice requirement's purpose is to prevent surprise. *Id.* Whether a notice is "reasonable" turns on the facts and circumstances of each case. *Scott v. State*, 57 S.W.3d 476, 480 (Tex. App.—Waco 2001, pet. ref'd).

In this case, however, we need not consider whether the evidence was admissible under rule 404(b) because the evidence was admissible under article 38.37. *See* TEX. CODE CRIM. PROC. art. 38.37.

Article 38.37 allows the State to introduce evidence of any other crimes, wrongs, or acts committed by the defendant against the victim of the offense that he is on trial for in a prosecution for continuous sexual abuse of a young child for its bearing on any relevant matters, including: (i) the defendant's and victim's state of

mind and (ii) the previous relationship between them. *See* TEX. CODE CRIM. PROC. art. 38.37§ 1(b); *see also Dounley v. State*, No. 05-19-00036-CR, 2020 WL 415930, at *1 (Tex. App.—Dallas Jan. 27, 2020, no pet. h.) (mem. op., not designated for publication). It also allows the State to introduce evidence of a separate offense for relevant matters, including defendant's character and acts performed in conformity with his character.

Before the State may introduce 38.37 evidence, it must provide notice to the defendant at least thirty days before trial. *See* TEX. CODE CRIM. PROC. art 38.37 § 3; *see also Stubblefield v. State*, No. 05-15-01124-CR, 2017 WL 343595, at *1 (Tex. App.—Dallas Jan. 18, 2017, pet. ref'd) (mem. op., not designated for publication).

Under Article 38.37 § 2, notwithstanding Texas Rules of Evidence 404 and 405, and subject to Article 38.37 § 2-a, evidence that a defendant has committed certain offenses against a child may be admitted in the trial of a defendant for indecency with a child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37 §2(b); *see Lara v. State*, 513 S.W.3d 135, 141 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Article 38.37 supersedes the application of Rule 404(b), making extraneous offense evidence admissible that Rule 404(b) would preclude. *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd); *see Lara*, 513 S.W.3d at 141.

Appellant did not request notice under article 38.37, nor did he object on this ground. A request for notice under rule 404(b) and article 37.07 is not sufficient to invoke the notice requirements of article 38.37. *Avery v. State*, No. 05-02-00735-CR, 2004 WL 78042, at *3 (Tex. App.—Dallas Jan. 20, 2004 pet. ref'd) (mem. op., not designated for publication). And as we have noted, in cases in which it applies, article 38.37 supersedes Rule of Evidence 404. *See Martines v. State*, 371 S.W.3d 232, 246 (Tex. App.—Houston [1st Dist.] 2011, no pet).

Consequently, the evidence was admissible under article 38.37 regardless of the adequacy of the State's rule 404(b) notice. *Avery* 2004 WL 78042, at *3; *cf. Muniz–Luna v. State*, No. 03–09–00266–CR, 2010 WL 3810820, at *5 (Tex. App.–Austin Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that appellant failed to preserve request for limiting instruction when evidence was admissible under article 38.37 and counsel had only objected and requested instruction under rule 404(b)); *see also Hitt v. State*, 53 S.W.3d 697, 704–705 (Tex. App.—Austin 2001, pet. ref'd).

Appellant's sole issue is resolved against him.

**B.     Should the Court's order be modified?**

The deferred adjudication order states that appellant pled "not guilty," and includes the notation "n/a" in the space provided for the victim's age. But the record reflects that appellant pled nolo contendere and JD was ten years old when the offense occurred.

We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore sustain the State's first and second issues and modify the court's order accordingly.

### III.  CONCLUSION

We sustain the State's cross-issues and modify the court's order to reflect that appellant pled nolo contendere and the victim was ten years old when the offense occurred. As modified, we affirm the trial court's order.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181364F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CARLOS MEDRANO, Appellant

No. 05-18-01364-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F-1240354-I. Opinion delivered by Justice Whitehill. Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the victim was ten years old when the offense occurred and appellant pled "nolo contendere" rather than "guilty."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 21, 2020