Opinion filed August 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00258-CR & 11-10-00259-CR

                                                    __________

 

                         DAVID
ZAMORA HERNANDEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                       Trial Court Cause
Nos. CR20367 & CR20368

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The jury
convicted David Zamora Hernandez, appellant, of the offenses of tampering with
or fabricating physical evidence (Cause No. 11-10-00258-CR) and possession of
one to four grams of methamphetamine with intent to deliver (Cause No.
11-10-00259-CR).  Upon appellant’s plea of true to the enhancement allegations,
the trial court assessed punishment at confinement for sixty years for each
offense, with the sentences to run concurrently.  We affirm.  

            In
the tampering case, appellant presents seven issues for review.  In the first
two issues, he challenges the legal sufficiency of the evidence.  In the third
issue, he contends that the trial court erred in refusing to instruct the jury
pursuant to Article 38.23 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 38.23
(West 2005).  In his final four issues, appellant complains that the trial
court abused its discretion in admitting evidence of extraneous offenses
because he did not receive proper notice from the State and because the
evidence was otherwise inadmissible.  Appellant presents four issues in the
appeal of his conviction for possession with intent to deliver; these four
issues are identical to the third, fourth, fifth, and sixth issues in the
tampering case.  

            Appellant
challenges the sufficiency of the evidence in his first and second issues in
the tampering case, asserting that the evidence is insufficient to show that he
knew a traffic-stop investigation was in progress or that he destroyed
methamphetamine.  Appellant was charged by indictment with the offense of tampering
with or fabricating physical evidence as follows: while “knowing that an
investigation was in progress, to-wit: traffic stop, [appellant] intentionally
or knowingly destroy[ed] physical evidence, to-wit: methamphetamine, with
intent to impair its availability as evidence in the investigation.”  See
Tex. Penal Code Ann. §
37.09(a)(1) (West Supp. 2012).  

We review challenges to the sufficiency of the evidence
under the standard of review set forth in Jackson v. Virginia, 443 U.S.
307 (1979).  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App.
2010); Polk v. State, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010,
pet. ref’d).  Under the Jackson standard, we examine all of the
evidence in the light most favorable to the verdict and determine whether, based
on that evidence and any reasonable inferences from it, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S. at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010).  

The
record shows that appellant was a passenger in a vehicle that was stopped by
Deputy John Fincher.  Deputy Fincher had received information from Lieutenant
Tony Aaron to be on the lookout for that vehicle based upon a tip from a
confidential informant.  Deputy Fincher initiated a traffic stop after
observing the vehicle traveling 57 miles per hour in a 55-mile-per-hour zone.  The
driver pulled the vehicle over, and Deputy Fincher approached it.  As he did so,
he observed “a lot of furtive movements in the vehicle” by the driver and the
passenger.  Deputy Fincher instructed the driver, Susan Murr, to exit the
vehicle.  She appeared to be very nervous.  Deputy Fincher noticed appellant
continuing to make furtive movements inside the vehicle.  

Deputy
Fincher approached the vehicle again, informed appellant that he had obtained
consent for a search, asked appellant to exit the vehicle, and escorted
appellant to his patrol car.  Deputy Fincher noticed that the passenger’s side
window was open and also observed “what appeared to be illegal narcotics that
had been dumped onto the floorboard and on the seat” on the passenger’s side.  The
substance was ground into the carpet and the seat.  Deputy Fincher noticed the
same substance on the window sill, indicating to him that the substance was
disposed of during the traffic stop, not while the vehicle was moving.  There
were a lot of crushed up or ground up particles that Deputy Fincher said he was
unable to collect because they had been “destroyed.”

A
sample of the substance from the vehicle field-tested positive for
methamphetamine.  However, the results of lab tests performed on the samples that
were collected from the vehicle were not positive for methamphetamine.  A
chemist from the Texas Department of Public Safety’s crime lab in Abilene testified
that the samples that he tested from the vehicle were dimethyl sulfone, also
known as MSM, a cutting agent that “looks just like crystal meth.”  He also
testified that dimethyl sulfone would not show a positive result for
methamphetamine when tested using a field test kit.  Dimethyl sulfone is not a
controlled substance, but it is often mixed with methamphetamine by
distributors to increase the amount of product they can sell.

After
arresting appellant and transporting him to jail, Deputy Fincher observed
broken pieces of glass in the floorboard of his patrol car.  He stated that the
pieces of glass were consistent with a methamphetamine pipe that had been
“crushed” and “destroyed.”  Deputy Fincher observed that some of the pieces
were discolored by “burned residue.”  Because of the crushed condition of the
pipe, Deputy Fincher was unable to package it as evidence or scrape any residue
off for lab testing.  Instead, he took photographs of his floorboard, and the
photos were admitted into evidence.  Murr testified that she and appellant had
used a pipe to smoke methamphetamine earlier that day and that the pipe was
“dirty,” which meant that it still had methamphetamine in it.  According to
Murr, the pipe was in the car with them, but she did not know what appellant
did with the pipe.

Deputy
Fincher also found a baggie stuck between the seats of his patrol car where
appellant had been sitting.  Lab testing indicated that this baggie contained 1.08
grams of methamphetamine.  Deputy Fincher testified that he routinely searches
his patrol car before his shift and after transporting people and that these
items were not in his patrol car prior to transporting appellant.  

At
the time of appellant’s trial, Murr had already been convicted and was serving
her sentence in the Texas Department of Criminal Justice for possession with
intent to deliver based upon the same incident for which appellant was on
trial.  Murr testified that she and appellant not only used methamphetamine,
but also sold methamphetamine.  Prior to being pulled over by Deputy Fincher,
she and appellant had traveled to Brownwood in appellant’s sister’s vehicle to
purchase methamphetamine from appellant’s niece.  They purchased seven grams of
what was supposed to be methamphetamine from appellant’s niece shortly before
being pulled over.  According to Murr, appellant’s niece “jacked” them because
what they received from her was “supposed to be dope, but it wasn’t.  It looked
real bad.  We tried it and it wasn’t no good.”  When they “tried” the substance
from appellant’s niece, they snorted it and did not use their pipe.  Murr
referred to the stuff they received from appellant’s niece as “cut” (a cutting
agent) with no methamphetamine in it.  After trying unsuccessfully to contact
appellant’s niece, Murr and appellant left Brownwood and headed back home to
Menard.  Murr testified that she saw an officer parked beside the road.  According
to Murr, both she and appellant were aware that they were being followed by a
“cop.”  Appellant began “[g]etting rid of the stuff or getting it together.”  At
some point, the officer turned on his lights, and Murr pulled over.

We
hold that a rational jury could have found beyond a reasonable doubt that
appellant knew an investigation was in progress.  The evidence indicated that
appellant was aware that he and Murr were being followed by a police officer,
that the officer pulled them over, and that a traffic stop was underway when appellant
began gathering and destroying potential evidence.  Contrary to the contention
made by appellant in his brief, he need not have been aware that a drug
investigation was in progress at that time.  See Williams v. State, 270
S.W.3d 140, 144–45 (Tex. Crim. App. 2008).  The court in Williams stated
that “the title of the investigation and the evidence destroyed need not match
in an indictment alleging an offense under section 37.09(a)(1), as long as
the offender destroyed a thing with the intent to impair its availability as
evidence in an investigation that he knows is in progress.”  Id. at
145.  Appellant’s first issue in Cause No. 11-10-00258-CR is overruled.  

We
also hold that a rational jury could have found beyond a reasonable doubt that
appellant destroyed methamphetamine.  The testimony of Deputy Fincher indicated
that appellant crushed and destroyed a glass pipe in the floorboard of the
patrol vehicle; that the pipe contained residue; and that no other pipes were
found during the officer’s search of appellant, Murr, or their vehicle.  Murr’s
testimony indicated that, when they were stopped, she and appellant possessed a
pipe that contained methamphetamine.  Murr did not know what appellant did with
the pipe.  The jury could have rationally inferred that the pipe crushed by
appellant in the floorboard of the patrol vehicle was the pipe that Murr
acknowledged as being with them and containing methamphetamine.  Thus, the
evidence is sufficient to support the jury’s verdict.  Appellant’s second issue
in Cause No. 11-10-00258-CR is overruled.  

In
his next issue, appellant contends that the trial court erred in refusing to
instruct the jury pursuant to Article 38.23 not to consider any evidence that
the jury believed was illegally obtained.  In this issue, appellant asserts
that there was a fact issue regarding Murr’s consent to the search of the
vehicle, and he also argues that Deputy Fincher lacked probable cause to
search.  When there is a disputed fact issue that is material to the
defendant’s claim of a constitutional or statutory violation that would render
evidence inadmissible, an exclusionary-rule instruction is required by Article
38.23.  Madden v. State, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). 
Appellant asserts that he was entitled to such an instruction because there was
a disputed fact issue as to whether Murr’s consent for the search of the
vehicle was made voluntarily.  The State contends, as it did at trial, that the
instruction was not necessary because, as a matter of law, probable cause
existed for the search, making the voluntariness of Murr’s consent immaterial
to the lawfulness of the search.  We agree with the State that, if probable
cause existed for the search, the trial court was not required to give an
instruction under Article 38.23 based upon the disputed fact issue concerning
Murr’s consent for the search.  See id. at 510 (“[I]f other facts, not
in dispute, are sufficient to support the lawfulness of the challenged conduct,
then the disputed fact issue is not submitted to the jury because it is not
material to the ultimate admissibility of the evidence.”).  The disputed fact
must be essential in deciding the lawfulness of the challenged conduct.  Id.
at 511.  

The
trial court ruled that, under the totality of the evidence presented at trial
and at the hearing on the motion to suppress, probable cause existed to search
the vehicle with or without consent.  A warrantless search of a vehicle is
reasonable when peace officers, collectively, have probable cause to believe
that the vehicle contains contraband.  Wiede v. State, 214 S.W.3d 17, 24
(Tex. Crim. App. 2007); Woodward v. State, 668 S.W.2d 337, 344–46 (Tex.
Crim. App. 1984).  Probable cause to search exists when the totality of the
circumstances allows a conclusion that there is a fair probability of finding
contraband or evidence at a particular location.  Illinois v. Gates, 462
U.S. 213, 238 (1983); Dixon v. State, 206 S.W.3d 613, 616 (Tex. Crim.
App. 2006).  Stated another way, probable cause exists if the known facts and
circumstances are sufficient to warrant a reasonable belief that contraband or
evidence of a crime will be found.  Wiede, 214 S.W.3d at 24.  Included
in “the known facts and circumstances” are those personally known to law
enforcement officers as well as those derived from a reasonably trustworthy
source.  Id.  The subjective intent and motivations of the officers are
not taken into account when considering the totality of the circumstances, but
the officers’ training, knowledge, and experience are taken into
consideration.  Id. at 25. 

Giving
due deference to the trial court’s implicit findings of historical fact and
basing our de novo review on the totality of the circumstances revealed in the
record, we hold that probable cause to search existed.  See Dixon, 206
S.W.3d at 616.  Lieutenant Aaron testified at trial that he received
information from a confidential informant regarding appellant.  According to Lieutenant
Aaron’s in camera testimony, the confidential informant was a credible source
who had provided reliable information in the past.  Lieutenant Aaron’s and
Deputy Fincher’s testimony reveal that the confidential informant gave detailed
information, including appellant’s name, the type of vehicle in which he would
be traveling, and also the direction and route he would be traveling.  The
confidential informant told Lieutenant Aaron that there would be
methamphetamine in the vehicle.  Because Lieutenant Aaron was busy at the time,
he called Deputy Fincher, gave him a description of the vehicle in which
appellant would be traveling: a maroon Isuzu Rodeo, and told him on what
highway and in which direction the vehicle would be traveling.  After stopping
the vehicle for a traffic violation and removing the occupants, Deputy Fincher
looked inside the vehicle before beginning his search and observed a crystal
substance that appeared to him, based on his training and experience, to be
methamphetamine.  “It was on the seat, in the passenger seat, [on] the center
console, . . . on the floorboard . . . ground into the carpet.”  The crystal
substance was also “on the window sill.”  Based upon the information that
Lieutenant Aaron received from a reliable confidential informant, the furtive
movements by the occupants of the vehicle, the inconsistent stories that were
being told to Deputy Fincher by appellant and Murr, and the crystal substance
in plain view in the vehicle, we hold that a totality of the collective
information known to the officers constituted probable cause for a warrantless
search of the vehicle.  Thus, the disputed fact issue concerning Murr’s consent
was not material to the lawfulness of the search, and the trial court did not
err in failing to give an Article 38.23 instruction.  Appellant’s third issue
in Cause No. 11-10-00258-CR and his first issue in Cause No. 11-10-00259-CR are
overruled.  

In
his remaining issues, appellant complains of the admission of evidence of “extraneous
transactions” over his objection that he was not given proper notice by the
State of its intent to introduce them.  Appellant argues that the State failed
to inform him of the extraneous transactions even though he had requested
notice pursuant to Tex. R. Evid.
404(b), that the State’s Rule 404(b) notification was insufficient, that the
extraneous transactions were not “transactional contextual evidence,” and that
the State failed to file the notification in both causes.  Upon the State’s
proffer of evidence relating to (1) appellant’s and Murr’s activities on the
date of these offenses (such as smoking methamphetamine with the pipe that was
allegedly destroyed by appellant and coming to Brownwood to purchase
methamphetamine) and (2) the details underlying appellant’s McCulloch County
conviction for possession of methamphetamine (which was offered to show
appellant’s knowledge and intent), appellant objected that he had not received
proper notice under Rule 404(b).

The
record shows that appellant filed a Rule 404(b) request for notice.  The State
timely filed a Notice of Intent to Offer Evidence of Prior Convictions and
Extraneous Offenses, but this notice was filed in Cause No. 11-10-00259-CR only. 
We find no merit to appellant’s assertion that notice was insufficient because
it was filed in only one of the underlying cause numbers.  These cases were
joined by an order of the trial court granting the State’s motion for joinder
of the indictments.

In
its notice of intent, the State notified appellant that it intended to
introduce evidence of his “entire criminal history, extraneous offenses, or
prior bad acts, served via pretrial discovery, and/or otherwise available
pursuant to open file policy.”  The notice also listed several convictions in
the following format: “On or about December 14, 2009, the defendant was
convicted of the offense of Possession of Controlled Substance in McCulloch
County, Texas.”  In addition to the notice of intent, the State provided
appellant’s counsel—in both causes—with “copies of pertinent information from
[the State’s] file,” including various discovery documents related to
appellant’s extraneous offenses, the receipt of which was evidenced by the
signature of appellant’s original defense counsel and also by the State’s
assertions in open court.  The State also provided appellant with a copy of
Murr’s statement, which contained details of the trip to Brownwood and its
purpose.  Furthermore, appellant’s original defense counsel sent a letter to
appellant acknowledging notice of the McCulloch County conviction and the
State’s probable use of that offense in these cases.  Counsel stated in the
letter: “We have talked about the fact that you are serving a State Jail
sentence now out of McCullough [sic] County . . . .  Please understand that the
DA will more than likely try to introduce the McCullough [sic] County conviction
to show that you have knowledge of the drug trade, etc.”  We note that appellant’s
original defense counsel delivered his file and all discovery obtained from the
State, including the McCulloch County judgment, to the attorney who represented
appellant at trial.

A
trial court commits error if it admits Rule 404(b) evidence when the State has
not complied with the notice provisions of that rule.  Hernandez v. State,
176 S.W.3d 821, 824 (Tex. Crim. App. 2005).  The purpose of the notice
requirement in Rule 404(b) is to prevent surprise.  Hayden v. State, 66
S.W.3d 269, 272 (Tex. Crim. App. 2001).  To comply with the Rule 404(b) notice
provision, the State must give “reasonable notice” in advance of trial of its
intent to introduce in its case-in-chief evidence of other crimes, wrongs, or
acts other than those arising in the same transaction.  Rule 404(b).  We agree
with appellant’s assertion that the details underlying the McCulloch County
conviction were not acts arising out of the same transaction as the current
offenses.  However, relying on Hayden, we hold that the trial court did
not abuse its discretion in determining that the State provided appellant with
reasonable notice in compliance with Rule 404(b).  See id. at 272–73. 
We also hold that the trial court did not abuse its discretion to the extent
that it determined that the State was not required to give notice of Murr’s
testimony that she and appellant had a pipe that they used to smoke
methamphetamine because their use and possession of this pipe, which was
allegedly destroyed in Deputy Fincher’s patrol car, arose out of the same
transaction and was part of the charged offense.  Rule 404(b) does not require
the State to give notice of its intent to introduce acts that arise out of the
same transaction as that for which a defendant is on trial if the acts are “so
intermixed or connected as to form a single, indivisible criminal
transaction.”  McDonald v. State, 179 S.W.3d 571, 577 (Tex. Crim. App.
2005).  Appellant’s crushing of a pipe containing methamphetamine was part of
the charged conduct.  Appellant’s fourth, fifth, sixth, and seventh issues in
Cause No. 11-10-00258-CR and his second, third, and fourth issues in Cause No.
11-10-00259-CR are overruled.  

            The judgments of the trial court
are affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 23, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.