NUMBER 13-13-00647-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**BRUCE DUNCAN,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion by Justice Longoria**

A Nueces County jury found Bruce Duncan guilty of the state jail felony offense of forgery involving a check, *see* TEX. PENAL CODE ANN. § 32.21(d) (West 2011) ("Forgery"), and after finding that Duncan had been previously convicted of two prior felonies, as

alleged by the State in the indictment, the jury assessed a thirteen year prison sentence and a $5,000 fine, pursuant to the habitual felony offender statute under which the state jail felony offense of forgery was punishable as a second degree felony offense. *See id.* § 12.425 (West Supp. 2013) ("Penalties for Repeat and Habitual Felony Offenders on Trial for State Jail Felony"); *id.* § 12.33 (West 2011) ("Second Degree Felony Punishment").

Duncan now appeals his conviction by three issues in which he complains about the admission into evidence of State's Exhibits 7 and 8, which were copies of two different checks from West Oso Independent School District ("WOISD") that were allegedly forged and presented by Duncan at two different banks. State's Exhibit 7 was purportedly a copy of the check identified in the indictment in the amount of $2,485.56. It served as the basis for the forgery charge. State's Exhibit 8 was a copy of a second check in the amount of $2,456.34 that Duncan allegedly presented to a different bank on the same day. The State argued State's Exhibit 8 was admissible as "same transaction contextual evidence" and as evidence to rebut Duncan's asserted defense of mistake.

In his first and second issues on appeal, Duncan argues that the trial court erred in admitting State's Exhibits 7 and 8 over his objection that they were not the original checks and were therefore inadmissible under Rule 1002 of the Texas Rules of Evidence. *See* TEX. R. EVID. 1002 ("Requirement of Originals"). In his third issue, Duncan argues that the trial court erred in admitting State's Exhibit 8 over his objections that it was inadmissible under Rule 404(b) because (1) the State purportedly failed to provide Duncan with the required notice of its intent to offer the evidence in its case-in-chief and (2) there is no exception under Rule 404(b) for extraneous offense evidence of a "pattern."

2

*See* TEX. R. EVID. 404(b) ("Other Crimes, Wrongs or Acts"). For the reasons set forth below, we conclude that Duncan has failed to establish reversible error. Accordingly, we affirm the trial court's judgment.

## I. STANDARD OF REVIEW

"[A] trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion." *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). "[T]he trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Id.* at 418. "In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld." *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). "This is so because 'trial courts . . . are usually in the best position to make the call on whether certain evidence should be admitted or excluded.'" *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Accordingly, in reviewing the admissibility of the evidence, "[t]he appellate court [must not] effectively displace[] the trial court, commandeering a function institutionally assigned elsewhere." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc). "The trial court's ruling is not, however, unreviewable." *Id.* Under the applicable standard of review, "[t]he trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement." *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010) (quotations omitted).

## II. THE BEST EVIDENCE RULE

In his first and second issues, Duncan complains that the trial court erred in admitting State's Exhibits 7 and 8 because they were copies of the checks at issue, not the original checks.

### A. Applicable Law

Rule 1002 of the Texas Rules of Evidence provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law." TEX. R. EVID. 1002. Rule 1003 provides the following exception to this requirement: "A duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." TEX. R. EVID. 1003 ("Admissibility of Duplicates"). The authentication requirement for admissibility "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a).

Rule 1004 provides another exception in relevant part as follows:

The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:

**(a) Originals Lost or Destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; [or]

**(b) Original Not Obtainable.** No original can be obtained by any available judicial process or procedure . . . .

TEX. R. EVID. 1004(a)–(b) ("Admissibility of Other Evidence of Contents").

### B. Relevant Facts

At trial, one of the State's witnesses was Lori Taylor, a bank service manager for Wells Fargo Bank (the "Bank"), who testified without objection that on February 29, 2012,

4

Duncan came to her bank to cash a check from WOISD. The prosecutor then handed Taylor a copy of the check marked as State's Exhibit 7 and elicited testimony from her that she recognized it as a "true and correct copy of the check," that it was made out to Bruce Duncan, that it was for $2,485.63, that it was numbered 12772, that the original check had been electronically scanned and was sent to storage before it was destroyed forty-five days later, and that the check was from WOISD and purportedly had been signed by Velma Rodriguez and David Palacios. When the State then tendered State's Exhibit 7, Duncan objected that the exhibit was not the original check. Although Duncan acknowledged that "[Rule] 1004 has the exception that the destruction of the check or the destruction of a document is an exception," he argued that "it must be done in good faith." Duncan then argued in relevant part as follows:

> Again, they found out that this was [a] forgery within days, there's absolutely no reason we should not have the original check here. Things like watermarks are very, very important. Things like the texture of the check, things like determining whether or not, in good faith, anyone would believe[] that it was real, that's extremely important stuff. At the very minimum, I'd like to voir dire her on the subject in determining as to why this check was destroyed.

The trial court overruled the objection and admitted the evidence.

The State also presented the testimony of Maria Avalos, a bank teller for a separate branch of the Bank, who testified that on February 29, 2012, Duncan presented her with a check from WOISD in an amount that was over $2,000, which was purportedly signed by Velma Rodriguez and David Palacios and made payable to Bruce Duncan. Avalos testified that State's Exhibit 8 was a "fair and accurate depiction or copy of the original check that . . . [she] received that day." The trial court admitted State's Exhibit 8

5

over Duncan's objection that it was "not an original and it should not be admissible pursuant to . . . [Rule 1002] of the Texas Rules of Evidence . . . ."

During closing argument, Duncan's attorney admitted that the checks at issue were forgeries that Duncan cashed on February 29, 2012:

> There are several elements they have to prove. First, is the check a forgery? And we admit it's a forgery. We all know it's a forgery. Check No. 12772, Check No. 12773 are forgeries. Did Bruce Duncan cash those checks to Lori Taylor [and Maria Avalos]? He absolutely did, you've seen the evidence, [sic] you've seen the checks, [sic] he absolutely cashed them. The question is, he did not know the checks were forged. He did not intend to defraud, or harm anyone. You have not heard one bit of evidence from the State that shows he had intent. In fact, every bit of evidence you heard shows evidence that's clearly the opposite.

## C. Discussion

On appeal, Duncan argues that State's Exhibit 7 was inadmissible under Rule 1004 because he established that "the bank had ample opportunity to locate the original within a 45 day period after finding out that the check in question was a forgery." *See* TEX. R. EVID. 1004(a). According to Duncan, "[s]ince the [B]ank did not present the original nor did it make any attempt to locate it before it was destroyed, . . . such action amounted to bad faith and [was] in violation of the Texas Rules of Evidence." *See id.* Duncan makes the same argument with respect to State's Exhibit 8.

We reject Duncan's argument that the evidence was inadmissible under Rule 1004(a) because, as a practical matter, the Bank was not the proponent of the evidence at trial—the State was. *See id.* The evidence was admissible under Rule 1004(a) because the State established that the original checks had been lost or destroyed, and Duncan never asserted or attempted to prove that the State, as the proponent of the evidence, lost or destroyed the original checks in bad faith. *See id.* Therefore, Duncan

6

has not established that State's Exhibits 7 and 8 were inadmissible as "other evidence" of the original checks under Rule 1004(a) of the Texas Rules of Evidence. *Id.*

Furthermore, Duncan has not negated the admissibility of State's Exhibits 7 and 8 as duplicates under Rule 1003, which as set forth above, contains two clauses under which duplicates are inadmissible. *See* TEX. R. EVID. 1003. We will address the admissibility of the evidence under both clauses. *See id.*

First, under clause (1) of Rule 1003, "a duplicate . . . is inadmissible if 'a question is raised as to the authenticity of the original.'" *Narvaiz v. State*, 840 S.W.2d 415, 431 (Tex. Crim. App. 1992). "That is, under Rule 1003 a duplicate is inadmissible if, on the evidence presented, reasonable jurors might differ as to whether the original is what it is claimed to be." *Id.* Here, the State alleged that the two checks were checks that Duncan presented to the Bank on February 29, 2012. At trial, there was no dispute, and in fact, Duncan conceded, that the two checks evidenced by State's Exhibits 7 and 8 were the checks he presented at the Bank and that they were forgeries. There was no evidence that would raise a question about whether the checks were what the State claimed them to be. Reasonable jurors could not disagree about whether the checks were the actual checks presented by Duncan, as the State alleged. *See id.* Therefore, Duncan has not established that State's Exhibits 7 and 8 were inadmissible as duplicates under clause (1) of Rule 1003. *See* TEX. R. EVID. 1003(1).

Second, with respect to the admissibility of the evidence under clause (2) of Rule 1003, we note that although we agree with Duncan that the original checks were "very important" evidence with potentially unique probative value that the other evidence and duplicates might not have offered, we conclude that the potentially unique probative value

of the original checks went to the issues of whether the checks were the actual checks presented by Duncan and whether the checks were forgeries. *See* TEX. R. EVID. 1003(2). Given that Duncan admitted both of these facts, we cannot conclude that it was unfair to admit the duplicates in lieu of the originals under clause (2) of Rule 1003. *See id.*

Finally, assuming *arguendo* that it was error to admit State's Exhibits 7 and 8, we conclude that any such error was harmless. "It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged." *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) (quotations omitted). "Our rule, therefore, is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Id.* at 718. "This rule applies whether the other evidence was introduced by the defendant or the State." *Id.*

Here, before Duncan made any objection to State's Exhibit 7, Taylor testified without objection to the essential facts of the State's case with respect to State's Exhibit 7. It was not until the State tendered State's Exhibit 7 that Duncan objected that the exhibit was not the original check. At that point, "the substance of this evidence . . . [had been] admitted without limitation or objection during the complainant's [employee's] testimony on direct examination by the State." *Klien v. State*, 273 S.W.3d 297, 318 (Tex. Crim. App. 2008). Thus, any error in the admission of State's Exhibit 7 was "harmless." *Id.*

The same is true with respect to Duncan's complaint about the admission of State's Exhibit 8. Avalos testified to the essential facts of the State's case with respect to State's Exhibit 8 without objection. Although Duncan made a timely objection to State's Exhibit

8 under Rule 404(b), it was not until the State tendered State's Exhibit 8 that Duncan objected that the exhibit was not the original check. *See* TEX. R. EVID. 404(b). Again, "[i]t is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to." *Leday*, 983 S.W.2d at 718 (quotations omitted). Therefore, any error in the admission of State's Exhibit 8 based on it not being the original check "is not cause for reversal" because Avalos's testimony proved the same facts. *Id.*

Accordingly, we overrule Duncan's first and second issues.

### III. EXTRANEOUS OFFENSE EVIDENCE

In his third and final issue, Duncan contends that the trial court abused its discretion by admitting State's Exhibit 8 over his two objections: (1) that he did not receive "reasonable notice," as required by Rule 404(b); and (2) that the evidence was inadmissible because there is no "pattern" exception in Rule 404(b). *See* TEX. R. EVID. 404(b).

### A. Applicable Law

Rule 404(b) provides as follows:

**Other Crimes, Wrongs or Acts.** Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

*Id.*

9

**B. Standard of Review**

With regard to notice, "[t]he ultimate issue is whether the State's notice was 'reasonable.'" *Castillo v. State*, 186 S.W.3d 21, 33 (Tex. App.—Corpus Christi 2005, pet. ref'd). The trial court has discretion to determine whether the State provided reasonable notice as required by Rule 404(b). *Hayden v. State*, 66 S.W.3d 269, 273 (Tex. Crim. App. 2001). "[T]he reasonableness of the notice is determined by all of the facts and circumstances of the case." *Castillo*, 186 S.W.3d at 34. "The reasonableness of the notice must also be determined by reference to the purpose of the rule: to eliminate the unfair prejudice that can result from the surprise introduction of extraneous offense evidence at trial." *Id.* "A determination that is within the zone of reasonable disagreement does not constitute an abuse of discretion." *Id.* "Since the notice requirement of Rule 404(b) is a rule of evidence admissibility, then it is error to admit Rule 404(b) evidence when the State has not complied with the notice provision of Rule 404(b)." *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005).

**C. Relevant Facts**

In Duncan's request for Rule 404(b) notice, he specifically asked only "that the prosecutor give written notice in advance of trial of the State's intent to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in *punishment* pursuant to Rule 404(b)." (emphasis added). However, in a subsequent paragraph of the request, contingent upon the failure of the State to provide the requested notice, Duncan asked the trial court to order written notice of Rule 404(b) evidence to be introduced at either the guilt-innocence or punishment phases of trial.

The State then filed notice of its intent to offer a list of extraneous offenses at both the guilt-innocence and punishment phases of trial, which did not specifically include the collateral forgery involving check 12773 (i.e., State's Exhibit 8). However, the State's notice did include the following:

> The State also plans to offer any evidence as to any of the Defendant's prior offenses/crimes/wrongs/acts and/or prior conduct that is referred to in the discovery provided, and any evidence and documents referring to the case at chief that has been provided in the discovery packet, and hereby provides notice of its intent to do so under [R]ules 803, 804, and 902.

At trial, the State represented, and Duncan agreed, that evidence of this second check, State's Exhibit 8, had been provided to the defense in discovery. However, Duncan argued that the State failed to provide proper Rule 404(b) notice of its intent to use the second check as extraneous offense evidence. The State then represented that Duncan had witness statements concerning the second check and thus had sufficient notice of it, and Duncan conceded that he had notice of the check but maintained that he was not aware that it would be used under Rule 404(b). Duncan further argued that the evidence was inadmissible under Rule 404(b) because it did not fall within any of the exceptions enumerated in the rule. Specifically, Duncan objected that Rule 404(b) does not include an exception for a "pattern" of extraneous offenses in its "other purposes" prong.

The trial court overruled Duncan's objections to the sufficiency of the State's Rule 404(b) notice and to the admissibility of the evidence under Rule 404(b). The trial court then admitted State's Exhibit 8 into evidence over Duncan's objections, and the State used State's Exhibit 8 to prove that Duncan knew that both checks were forgeries and to refute Duncan's assertion of mistake and lack of intent to commit forgery.

11

**D. Discussion**

On appeal, Duncan contends that the trial court erred in overruling his objections to State's Exhibit 8. We begin with Duncan's complaint as it pertains to the sufficiency of the State's Rule 404(b) notice, which we reject for two reasons. First, we agree with the State that Duncan's request for notice pursuant to Rule 404(b) was deficient in the sense that it was limited to evidence to be offered by the State during the punishment phase of trial, whereas the complained-of evidence, State's Exhibit 8, was offered during the guilt-innocence phase of trial. Second, even assuming Duncan's request was not deficient, we would conclude that Duncan has not established an abuse of discretion with respect to the trial court's determination that the State's Rule 404(b) notice was sufficient because Duncan's attorney had actual notice of the evidence, which was provided to counsel in the State's discovery packet, and because based on the facts and circumstances set forth in the record and summarized above, it would be possible for reasonable minds to reach different conclusions about whether the State's notice was reasonable and whether Duncan suffered unfair surprise when the State offered State's Exhibit 8 into evidence. *See Castillo*, 186 S.W.3d at 34. Therefore, the ruling was not outside the zone of reasonable disagreement. *See Winegarner*, 235 S.W.3d at 790. Based on the foregoing, we conclude that Duncan has not demonstrated an abuse of discretion with respect to the trial court's ruling on the notice issue.

Next, we turn to Duncan's contention that State's Exhibit 8 was inadmissible under Rule 404(b) because "Rule 404(b) does not have a pattern exception." The Texas Court of Criminal Appeals has explained that, without more, evidence of a "'system' or 'pattern' of committing offenses by itself . . . [creates] exactly the forbidden inference" that Rule

12

404(b) is designed to prevent. *Johnston v. State*, 145 S.W.3d 215, 222 (Tex. Crim. App. 2004). "That is why 'pattern' is not listed in Rule 404(b) as an exception." *Id.* However, "[p]atterns of acts may show identity, intent, plan, absence of mistake, or one of the other listed grounds" in the "other purposes" prong of Rule 404(b). *Id.*

In this case, the State offered State's Exhibit 8 to establish Duncan's knowledge that State's Exhibit 7, the check identified in the indictment, was a forgery and that he therefore acted with the requisite intent to commit the offense of forgery and that there was no mistake or lack of intent, as Duncan asserted at trial. *See* TEX. PENAL CODE ANN. § 32.21. Since Rule 404(b) specifically includes "intent," "knowledge," and "absence of mistake" in its list of exceptions in its "other purposes" prong, and because Duncan has not asserted or explained why the complained-of evidence does not fit within those exceptions, we conclude that he has failed to demonstrate that the trial court abused its discretion by admitting State's Exhibit 8 under Rule 404(b). *See* TEX. R. EVID. 404(b).

Accordingly, we overrule Duncan's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of May, 2014.

13